# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*,[1] | Case No. 20-12522 (JTD) |
| Debtors. | (Jointly Administered) |
|  |  |
| MALLINCKRODT PLC, | Adv. Pro. No. 21-50242 (JTD) |
| Plaintiff, | Re: Adv. D.I. 1, 2 & 3 |
| v. |  |
| The BUXTON HELMSLEY GROUP and ALEXANDER E. PARKER, |  |
| Defendants. |  |

## DECLARATION OF STEPHEN RANALOW IN SUPPORT OF MALLINCKRODT PLC'S MOTION FOR TEMPORARY RESTRAINING ORDER

I, Stephen Ranalow, hereby declare as follows:

1. I am a solicitor with and partner of the Irish firm of Arthur Cox LLP ("**Arthur Cox**"), Ten Earlsfort Terrace, Dublin 2, D02 T380, Ireland. Nine of the above-captioned Debtors (the "**Debtors**"), including Mallinckrodt plc ("**plc**"), are companies incorporated under the laws of Ireland. Arthur Cox is Irish Counsel to the Debtors, and I am part of the Arthur Cox team advising the Debtors.

2. I submit this declaration ("**Declaration**") in support of *Mallinckrodt plc's Motion for Temporary Restraining Order* filed contemporaneously herewith.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

RLF1 24950372v.1

3. All facts set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; or (c) my opinion based upon my experience and knowledge of the Debtors' operations. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

## BACKGROUND & QUALIFICATIONS

4. I graduated from Trinity College Dublin, the University of Dublin, in 2001 with an LL.B. (law degree) with first class honours, and obtained a Ph.D. in law in 2006, also from Trinity College Dublin. I was Editor-in-Chief of the Trinity College Law Review in 2000-2001. I was admitted as a solicitor in Ireland in 2005, and have been practising continuously since that time. I specialise in corporate and securities law for both listed and private companies, including mergers and acquisitions and equity capital markets transactions.

5. I act as lead corporate partner at Arthur Cox for some of Ireland's largest companies, including Johnson Controls International plc (listed on the New York Stock Exchange ("**NYSE**")), CRH plc (listed on the NYSE, London Stock Exchange ("**LSE**") and Euronext Dublin ("**Euronext**")), Bank of Ireland Group plc (listed on the LSE and Euronext), Greencore Group plc (listed on the LSE), Bank of Cyprus Holdings plc (listed on the LSE and Cyprus Stock Exchange), and Eircom Limited (Ireland's largest telecommunications operators). I am also an advisor to Jazz Pharmaceuticals plc (listed on NASDAQ), Medtronic plc (listed on NYSE), Eaton Corporation plc (listed on the NYSE), TE Connectivity Ltd. (listed on NYSE), and Mylan N.V. (listed on NASDAQ).

6. I have advised on some of Ireland's largest corporate transactions, including Jazz Pharmaceuticals on its $7.2 billion acquisition of GW Pharmaceuticals; International Paper on its $9 billion offer for Smurfit Kappa; Tyco on its $16 billion merger with Johnson Controls; Covidien on its $46 billion merger with Medtronic; Mallinckrodt on its $8 billion merger with Questcor; Mylan's $27 billion offer for Perrigo; Eir's €3.5 billion sale to NJJ,

Greencore on its $1 billion sale of Greencore USA; TE Connectivity on its $895 million acquisition of Creganna; the Irish Stock Exchange on its €170 million sale to Euronext; Air France on its sale of CityJet; Carlyle on its $8 billion acquisition of Veritas; and Eir on its €4 billion restructuring and acquisition by lenders.

7. My expertise has been recognised by organisations such as Chambers Global and the Legal 500.

8. Arthur Cox has acted for the Debtors in all Irish law matters since the date of their incorporation in Ireland. I have been engaged through my firm's engagement by the Debtors in connection with the Debtors' voluntary cases under chapter 11 of title 11 of the United States Code.

9. This Declaration comprises of matters that are statements of my view of the laws of Ireland or statements of fact. Where the matters stated in this Declaration are statements regarding the laws of Ireland, such statements represent my view of such laws as a solicitor admitted and holding a practicing certificate in Ireland.

10. Where the matters stated in this Declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this Declaration are statements of fact that are not within my personal knowledge, they are derived, as appropriate, from documents and/or information supplied to me by or on behalf of the Debtors and are true to the best of my knowledge, information, and belief.

**FACTS AND DATA CONSIDERED**

11. I reviewed and considered the facts stated in the *Adversary Complaint* filed contemporaneously herewith. I have also reviewed the terms of the restructuring support agreement dated as of October 11, 2020 (as amended, supplemented or otherwise modified from time to time).

12. I have also reviewed the public statements made by The Buxton Helmsley Group ("**BHG**") in relation to the Debtors as released through PR Newswire on January 15, 2021 and January 27, 2021 (the "**BHG Statements**").

**OPINIONS PRESENTED**

<u>Requisition Convening an Extraordinary General Meeting</u>

13. Pursuant to the Companies Act 2014 of Ireland (as amended) (the "**Companies Act**"), upon deposit of a valid requisition by members of plc holding ten percent or more of the issued share capital of plc, the directors of plc (the "**Directors**") are required to proceed to convene an extraordinary general meeting ("**EGM**") within 21 days of the date of deposit of the requisition (the "**Requisition Date**"), with the EGM to be held within two months of the Requisition Date. BHG has indicated in the BHG Statements that it, together with other persons having an interest in shares in plc, intend to procure the submission of such a requisition.

14. A valid requisition for an EGM that complies with the requirements of the Companies Act and the constitution of the company can result in the replacement of the board of directors of that company if it proposes valid resolutions for the removal and appointment of directors and such resolutions are approved by simple majority of votes cast at a quorate EGM.

15. Following the receipt of a valid requisition, the process for convening an EGM of plc includes the following:

    15.1    the preparation of a Notice of EGM required by the Companies Act and plc's constitutional documents; and

    15.2    the issue to plc's shareholders of the Notice of EGM in accordance with the notification procedures in its constitutional documents.

16. If, following a validly deposited requisition, the Directors do not proceed to convene an EGM within 21 days from the Requisition Date, then the Companies Act permits the requisitionists to directly convene the EGM, with such meeting to be held within three months of the Requisition Date.

Duties of Directors of an Insolvent Company under Irish Law

17. The principal fiduciary duties of the Directors under Irish law are (a) to act in good faith in what the Director considers to be the interests of plc; (b) to act honestly and responsibility in relation to the conduct of the affairs of the company; (c) to act in accordance with the company's constitution and exercise his or her powers only for the purposes allowed by law; (d) not to use the company's property, information or opportunities for his or her own or anyone else's benefit subject to certain exceptions; (e) not to agree to restrict the director's power to exercise an independent judgment subject to certain exceptions; (f) to avoid any conflict of interest unless released under Irish law; and (g) to exercise the care, skill and diligence which would be exercised in the same circumstances by a reasonable person having both the knowledge and experience that may be reasonably be expected of a person in the same position as the director and the knowledge and experience which the director has.

18. While these duties are codified in the Companies Act, they are derived from common law principles.

19. Where the directors of an Irish company consider that the company is or may be unable to pay its debts, and is therefore at risk of being wound up by its creditors, the directors have a duty to preserve the assets of the company for the creditors and should not take actions that might prejudice the recovery of creditors. Having regard to the duty of the directors of an Irish company to act in good faith in what they consider to be the interests of the company, where the company is insolvent or at risk of insolvency, the directors are required to have primary regard to the interests of the creditors of the company.

20. I am advised by US counsel to the Debtors that at a hearing on December 22, 2020, this Court rejected the appointment of an equity committee, determining that plc is "hopelessly insolvent."

21. As a result of this determination of insolvency, in my opinion, the persons who are currently Directors:

> 21.1 have a fiduciary duty to have regard to the interests of the creditors of plc in the exercise of the Directors' functions;
>
> 21.2 have a fiduciary duty to, insofar as possible, preserve the assets of plc for the benefit of its creditors and should not take actions that might prejudice the recovery of creditors; and
>
> 21.3 also have a continuing statutory duty to have regard to the interests of the shareholders of plc, however, due to the insolvency of plc, where the interests of shareholders conflict with the interests of creditors, the directors are obliged to have primary regard to the interests of the creditors of plc.

22. Given the insolvency of plc, any current Director that were to exercise the Directors' functions in a manner which furthers the interests of the shareholders of plc, but which would prejudice the interests of creditors of plc and cause them to suffer loss, would be in breach of the fiduciary duties as described above and liable to account to plc for any losses that are incurred by its creditors as a result of those actions.

23. In addition, any person that becomes a Director in the future (including any directors successfully appointed at an EGM convened following a duly issued EGM requisition procured by BHG), will, for so long as plc is insolvent or at material risk of insolvency, have the same duties under the laws of Ireland as those that are described above as owing by the current Directors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: March 12, 2021
       Dublin, Ireland

*/s/ Stephen Ranalow*
Stephen Ranalow
Corporate Partner
Arthur Cox LLP